**IT IS ORDERED as set forth below:**

**Date: September 21, 2015**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 12-66788-wlh |
| HILARIE YVETTE BERRY<br>    DEBTOR | CHAPTER 13 |
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2012-10<br>    CREDITOR,<br><br>v.<br>HILARIE YVETTE BERRY, DEBTOR<br>NANCY J. WHALEY, TRUSTEE<br>    RESPONDENTS. | CONTESTED MATTER |

**CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY**

On July 17, 2015, Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-10 ("Creditor") filed a Motion for Relief from Automatic Stay ("Motion") with respect to Debtor's real property located at 8295

Yale Drive, Jonesboro, GA 30236 (the "Property") (Doc. No. 67).  Hearing was set for August 26, 2015.  The Debtor and Creditor have agreed and consented to entry of this Order allowing the conditional relief from the automatic stay pursuant to the agreement of the parties as set forth below:

1.      The Motion regarding the Property shall be denied, as the parties agree that the interest of Creditor is adequately protected by their agreement on the facts and to payment and performance as more particularly set forth hereinafter:

2.      The parties agree that the post-petition arrearage from June 1, 2015 through August 1, 2015, totals $2,990.10, including 3 payments of $1,026.31 each, filing fee of $176.00 and $650.00 in reasonable attorney fees, less $914.83 in suspense.

3.      Debtor submitted instanter funds in the amount of $1,204.00 prior to the hearing. The remaining balance of $1,786.10 to be paid in six (6) monthly payments, each in the amount of $297.69, which shall be due on the fifteenth of each month, beginning September 15, 2015. Debtor's regular monthly mortgage payments shall resume with the payment due September 1, 2015.  Payments shall be paid to Creditor's servicer.

> BSI Financial Services
> Attn: Payment Processing
> 314 S Franklin St.
> Titusville, PA 16354

or to such other address as Creditor, its successors and assigns, may notify Debtor and Debtor's Counsel in writing.

4.      Otherwise, upon delinquency by Debtor in the payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Creditor's Note and Deed for a period of 6 months from the date of entry of this order then, Creditor  may be permitted to recover and dispose of the Collateral pursuant to applicable state law only after submitting a

Delinquency Motion (as more particularly described below) and the entry of an Order Modifying the Automatic Stay of 11 U.S.C. Section 362 in the following manner:

(A) Counsel for Creditor shall serve both Debtor and Debtor's Counsel of record with written notice of the specific facts of the delinquency (the Delinquency Notice); said notice may be contained in a letter but shall

(1) state that Debtor may cure the delinquency within ten (10) calendar days of receipt of said notice; and

(2) shall specifically provide the correct street address for mailing or delivering such payment;

Pursuant to this Order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Creditor; provided, however, that

(a) The Delinquency Notice is properly addressed to Debtor at the address set forth on the Distribution List attached to this Order pursuant to BLR 9013-2(b)NDGA, unless Creditor or Counsel for Creditor receives notice in writing of a change in Debtor's address within a reasonable time prior to mailing of the Delinquency Notice; and

(b) The Delinquency Notice is not returned to Counsel for Creditor by the U.S. Postal Service as undeliverable by reason of improper address.

(B) If Debtor fails to cure the delinquency within 10 days of receipt of said written notice, Counsel for Creditor may present to the Court, after service on Debtor, Debtor's Counsel and Trustee:

(1) a Motion, which must contain allegations of the specific facts of

    delinquency; provided, however that instead of alleging facts of the delinquency in the motion (the averments of which are subject to Rule 9011), the Motion may be accompanied by an Affidavit from Creditor setting forth the specific facts of the delinquency;

(2)  a copy of the Delinquency Notice

(3)  a proposed order (the motion, copy of the Delinquency Notice and the proposed order are herein collectively referred to as the "Delinquency Motion").

Upon presentation of said Delinquency Motion, the Court may enter an Order modifying the automatic stay as to the property, without further notice or hearing.

From the foregoing stipulations and agreements, it is hereby

**ORDERED** that the parties' agreement set forth above is ***approved;*** moreover, if the stay is modified, then upon the completion of any foreclosure sale, any funds in excess of the lawful Claim of Creditor shall be promptly remitted to Trustee for the benefit of the Estate. It is further

**ORDERED** that as part of this Consent Order, Movant has advised Debtor, Debtors counsel and the Chapter 13 Trustee that, in the event Debtor fails to comply with terms of this Order, Movant intends to request in its Default Motion that the provision of Fed.R. Bankr.P. 3002.1 will not apply to Movant upon entry of an Order Lifting the Automatic Stay. The Court has made no determination as to the applicability of Fed.R. Bankr.P. 3002.1 should an Order

Lifting Stay be entered in the future. Upon entry of an order lifting stay, the Trustee shall cease funding the proof of claim.

[END OF DOCUMENT]

Prepared and presented by:

/s/ Travis E. Menk
Travis E. Menk (GA. Bar No. 632610)
GA Bar No. 878912
Attorney for Creditor
Brock & Scott, PLLC
5121 Parkway Plaza Blvd, Suite 300
Charlotte, NC  28217
(704) 369-0676
bankruptcy@brockandscott.com

Consented to:

/s/ Susan Sudman_____
Susan Sudman
GA Bar No. 262728
Attorney for the Debtor
Saedi Law Group, LLC
Suite 103
3006 Clairmont Road
Atlanta, GA 30329

No Opposition:

/s/ Ryan Williams_____
Ryan Williams
GA Bar No. 940874
Attorney for Chapter 13 Trustee
Suite 120
303 Peachtree Center Avenue
Atlanta, GA 30303

## DISTRIBUTION LIST

Hilarie Yvette Berry
8295 Yale Drive
Jonesboro, GA 30236


Lorena Lee Saedi
Suite 103
3006 Clairmont Road
Atlanta, GA 30329

Jamie Ann Scaringi-Cherry
Suite 103
3006 Clairmont Road
Atlanta, GA 30329


Nancy J. Whaley
Suite 120
303 Peachtree Center Avenue
Atlanta, GA 30303

Travis E. Menk
Brock & Scott, PLLC
5121 Parkway Plaza Boulevard, Suite 300
Charlotte, NC 28217